## Carpenter v. Carpenter.

(Decided March 24, 1914.)

### Appeal from Jackson Circuit Court.

Husband and Wife.—In a divorce case the judgment of the chancellor on the facts is entitled to considerable weight, an(d will not be disturbed unless it appears from an inspection of the entire record that he reached an erroneous conclusion.

J. R. LLEWELLYN for appellant.

D. H. BAKER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming on original and cross appeal.

These parties are husband and wife. The appellee brought this action against the appellant to obtain a divorce on the ground of cruel and inhuman conduct. The appellant, in a counterclaim also sought a divorce from the appellee on the ground that she had been guilty of adultery and lewd and lascivious conduct. The chancellor dismissed both the petition and the counterclaim, and the appellant brings the case here, asking that the judgment refusing to give him a divorce be reversed, and the appellee prosecutes a cross-appeal insisting that she should have attorney's fees.

The record is full of disgusting evidence, and much of it is taken up with the testimony of impeaching and supporting witnesses, as well as the evidence of several of the children of these parties, who gave testimony tending in some respects to sustain the charges against their mother.

In giving judgment the chancellor wrote an opinion in which he said in part: "The plaintiff, with the record as now made up, fails to make out a case. On the other hand, the defendant makes out a case justifying a divorce upon the grounds of adultery, if the chancellor believed the witnesses. Fields, Harrison and Bowles testify to having illicit relations with the plaintiff. Bowles says his connection with plaintiff took place more than twenty years before the institution of this action. The examiner failed to certify to the credibility of Harrison and Bowles, neither is their credibility proven; while, on the other hand, their reputation is fully disclosed by

the cross-examination, and besides they are known to the chancellor. Field's credibility is certified to by the examiner, but his testimony for truth and veracity is impeached by many witnesses, although he is sustained by several. * * *

"The parties to this action are pretty well known, some of them favorably and others unfavorably. The court does not believe the story of the plaintiff's infidelity as told by Fields, Harrison and Bowles. Their story shows that they are unworthy of belief. They are impeached by their own evidence and by other witnesses and circumstances to such an extent that the court cannot give credence to their testimony.

"Taking the record as made up, the court's knowledge of the parties, the witnesses and the surrounding circumstances, the court is of the opinion that neither plaintiff nor defendant is entitled to a divorce."

We have read carefully all the evidence in this record, and while we have not the benefit of a personal acquaintance with any of the witnesses that might help us as it did the chancellor in estimating the weight to be attached to their testimony, we are of the opinion that the chancellor did not make any mistake in rejecting as unworthy of belief much of the evidence.

It is hardly worth while to comment on the conduct of these parties in the beginning of their adulterous associations many years ago or to note the many discreditable and disgraceful incidents that have marked their lives during the marriage relation which followed. It is sufficient to say that they have lived together about thirty years under conditions which were not much if any worse than those that existed when this suit was brought, each condoning the faults and vices of the other; and we will leave them, as the chancellor did, to bear with each other to the end.

Wherefore, the judgment is affirmed on the original and cross appeal.